## CASSEL v. OVERHOLSER, Superintendent, St. Elizabeths Hospital.

### No. 9164.

United States Court of Appeals
District of Columbia.
Argued June 8, 1948.
Decided July 19, 1948.

————◆——— -

Mr. Charles E. Ford, of Washington, D. C. (appointed by this court), for appellant.

Submitted by Mr. Ross O'Donoghue, Assistant United States Attorney, of Washington, D. C., for appellee. Messrs. Edward M. Curran, United States Attorney at the time the record was filed, John P. Burke, Assistant United States Attorney, and Sidney S. Sachs, Assistant United States Attorney, all of Washington, D. C., also entered appearances for appellee.

Before EDGERTON, CLARK, and PROCTOR, Associate Justices.

PER CURIAM.

Frank Cassel, appellant, an inmate of St. Elizabeths Hospital, sought release by habeas corpus. The superintendent of the hospital responded to the writ. In making his return he certified that Cassel was held in confinement upon a commitment to the hospital in consequence of an adjudication of insanity. He also reported certain conduct upon which he and his staff based the conclusion that Cassel was still insane and dangerous. These statements were made the basis of a libel complaint filed by Cassel in the District Court. A motion to dismiss the complaint followed, upon the ground that the return was made in performance of official duty and in obedience to the command of the writ and therefore fell under the immunity of absolute privilege. The court so held and dismissed the complaint. This appeal is from that order.

In responding to the writ the superintendent was not only acting within the scope of his official duties but was obeying the command of the court and the requirements of the statute. Title 24, Sec. 202, D.C.Code (1929). He was compelled to state the cause of Cassel's detention which included not only the formal commitment made years before, but as well the reasons why he was presently held in confinement. It was, therefore, pertinent and proper for the superintendent to report the opinion of himself and his staff that Cassel was then insane, and in support thereof to state the facts upon which the opinion was based. Under these circumstances, the return fell clearly under the immunity of absolute privilege and protected the author from any liability to Cassel. Glass v. Ickes, 73 App. D.C. 3, 7, 117 F.2d 273, 132 A.L.R. 1328. The complaint was properly dismissed.

Affirmed.